

**ORIGINAL**

Kermit Rydell
P. O. Box 10051
Honolulu, Hawaii 96816
Telephone 808-227-0150
Facsimile: 1-866-228-6057
e-mail: 411gold@gmail.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 09 2011

at 10 o'clock and __ min. A M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Kermit Rydell<br><br>    Plaintiff, *pro se*<br><br>vs.<br><br>Servco Auto Windward;<br>John Does 1 through 10<br><br>    Defendant(s) | Civil Case No. CV11 00485 JMS KSC<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL; EXHIBITS "A-E"; SUMMONS**<br><br>Judge _____ |

Plaintiff, on behalf of himself, avers as follows:

### PARTIES

1.  Plaintiff in this lawsuit is Kermit Rydell, *sui juris*, a natural person, who resides in Honolulu, Hawaii.

2. Defendant in this lawsuit is a Hawaii corporation named Servco Auto Windward, believed to be a subsidiary of Servco Pacific, Inc., with offices at 45-655 Kamehameha Hwy, Kaneohe, Hawaii 96744, together with John Does 1 through 10, who are unknown persons allegedly acting as employees or agents on behalf of Servco Auto Windward, an automotive dealership, hereinafter collectively referred to as Defendant.

## VENUE AND JURISDICTION

3. Jurisdiction arises under 28 U.S.C. § 1331, and as a United States District Court pursuant to action under Fair Credit Reporting Act (F.C.R.A.), 15 U.S.C. § 1681 et.seq. as hereinafter more fully appears.

4. Discovery of violations brought forth herein was made on May 13, 2011, and is therefore within the statute of limitations as defined in F.C.R.A., 15 U.S.C. § 1681p.

5. The conduct cited in this complaint by Defendant(s), which gives rise to this action, is believed to have occurred on the property of Servco Auto Windward in Kaneohe, Hawaii.

6. Venue is proper in the District of Hawaii.

## COMPLAINT

7. Defendant, Servco Auto Windward, is alleged to have violated the Fair Credit Reporting Act (F.C.R.A.), 15 U.S.C. §1681 et.seq. when Defendant repetitiously obtained a separate individual consumer credit report from more than <u>one</u> consumer credit reporting agency, as was authorized by the written permission of Plaintiff.

## MEMORANDUM OF POINTS AND AUTHORITIES

8. Plaintiff obtained his annual consumer credit report from the three major credit reporting agencies on May 13, 2011, whereupon he discovered that Defendant had pulled a full credit report from each and every one of the three major consumer credit reporting agencies, namely TransUnion, Experian and Equifax. [Exhibits "A", "B", "C"]

9. Plaintiff authorized Defendant to obtain <u>a consumer credit report</u>[1] as a consequence of his signing a Hawaii Credit Application, Form 4050H, on February 24, 2011. [Exhibit "D"]

---

1 Hawaii Credit Application includes a line which reads, "...*to obtain a consumer credit report*...", which is clearly in the singular, not pleural case. Plaintiff believed Defendant would strictly conform to the letter of the authorization and letter of the law to obtain <u>one</u> such report. [See Exhibit "E" for full text.]

10. Plaintiff asserts that by Plaintiff signing a Hawaii Credit Application offered to him by an agent of Defendant, a contractual and fiduciary relationship was created whereby Defendant was contractually obligated to act in good faith [U.C.C. § 1-304] by conforming with the letter of the credit application authority statement [Exhibit "E"] in regard to obtaining <u>one</u> consumer credit report as set forth therein.

11. Plaintiff asserts Defendant had a fiduciary responsibility, construed in "10." above, to guard against any person under Defendant's direction from obtaining a consumer credit report under false pretenses, whether such act was malicious, willfully negligent or a case of inadequate or poor training, pursuant to the doctrine of respondeat superior.

12. Plaintiff concedes that Defendant was authorized to obtain <u>a</u> [single] consumer credit report and as Plaintiff has no knowledge as to the chronological order in which these three reports were obtained on February 24, 2011, Plaintiff deems that Defendant's inquiry at **TransUnion** was the one and only permissible purpose that could grant Defendant with proper authority to obtain a consumer credit report, as stated in the language of the Hawaii Credit Application and F.C.R.A. 15 U.S.C. § 1681b (a)(2).

13. Plaintiff determined that Defendant's intentional and separate inquiry at **Experian** and again at **Equifax**, to obtain an additional comprehensive consumer credit report from each of these two agencies, exceeded Plaintiff's authorization and thereby Defendant is alleged to have violated F.C.R.A., 15 U.S.C. § 1681b (a)(2), in both instances.[2]

14. Plaintiff is a consumer within the meaning of the F.C.R.A., 15 U.S.C. § 1681a(c).

15. F.C.R.A., 15 U.S.C. § 1681b, defines permissible purposes for which an agency may furnish a person a consumer credit report.

16. Permissible purposes as defined by F.C.R.A., 15 U.S.C. § 1681b, are generally, if the consumer makes application for credit, for employment, for underwriting of insurance, or is offered a bona fide offer of credit as a result of the inquiry.

---

2  Wherever F.C.R.A., 15 U.S.C. § 1681, refers to *"consumer report"* and *"consumer reporting agency"* [emphasis added] in the body of the law, those terms are always expressed in the singular, not the pleural case. As the Hawaii Credit Application Plaintiff signed included a line, which reads, in part, *"…to obtain a consumer credit report…"* [emphasis added], which is clearly expressed in the singular, not the pleural case, Plaintiff asserts that Hawaii Credit Application Form 4050H conforms to the law with respect to case.

17. **TransUnion**, **Experian** and **Equifax** are each respectively, *"a credit reporting agency"* [emphasis added], within the meaning of the F.C.R.A., 15 U.S.C. § 1681a(f), operating independently of each other.

18. Consumer credit report is *"a consumer report"*, in the singular case, within the meaning of the F.C.R.A., 15 U.S.C. § 1681a(d).

19. Plaintiff believes the definition of the word "a" means singular, sole, individual or one, which is proved by the words that follow, "consumer credit report", being also in the singular not pleural case.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (F.C.R.A.)

20. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth hereunder, together with footnotes.

21. On February 24, 2011, Defendant Servco Auto Windward obtained a separate comprehensive consumer credit report from **Experian**, without Plaintiff's knowledge or consent and without full disclosure, having expended its <u>one</u> authority on TransUnion. [Exhibit "B"]

22. By obtaining an additional comprehensive consumer credit report from **Experian**, Defendant is alleged to have willfully exploited Plaintiff's authority, which act is an egregious infringement of Plaintiff's right to privacy, thereby violating F.C.R.A., 15 U.S.C. § 1681b.

23. Defendant is further alleged to have willfully violated F.C.R.A., 15 U.S.C. § 1681q, by way of deception and misrepresentation in order to obtain Plaintiff's credit report from **Experian** under false pretenses.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF THE FAIR CREDIT REPORTING ACT (F.C.R.A.)

24. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth hereunder, together with footnotes.

25. On February 24, 2011, Defendant Servco Auto Windward obtained a separate comprehensive consumer credit report from **Equifax**, without Plaintiff's knowledge or consent and without full disclosure, having expended its <u>one</u> authority on TransUnion. [Exhibit "C"]

26. By obtaining an additional comprehensive consumer credit report from **Equifax**, Defendant is alleged to have willfully exploited Plaintiff's authority, which act is an egregious infringement of Plaintiff's right to privacy, thereby violating F.C.R.A., 15 U.S.C. § 1681b.

27. Defendant is further alleged to have willfully violated F.C.R.A., 15 U.S.C. § 1681q, by way of deception and misrepresentation in order to obtain Plaintiff's credit report from **Equifax** under false pretenses.

### THIRD CLAIM FOR RELIEF
### DEFAMATION OF CREDIT SCORE

28. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth hereunder, together with footnotes.

29. Plaintiff is informed that inquiries into his credit report, of the nature of those referenced in Count 1 and Count 2, will remain on Plaintiff's record for a period of two years and that such information is visible to any future inquiries by financial institution(s) or creditor(s), and most importantly, that these inquiries made by Defendant, are without question used in the determination of Plaintiff's Credit Score, typically to lower it to some degree. [15 U.S.C. § 1681g(f)(2)(A)]

30. Plaintiff alleges that regardless of what the said inquiries were predicated on, whether Defendant's assumption of having a permissible purpose, or of being negligent, acting out of misfeasance, or acting or conforming to a company policy or some other factor, the net effect of Defendant's actions, which may have been promulgated as a legitimate

permissible purpose to **Experian** and **Equifax**, was to prejudice and allegedly undermine Plaintiff's Credit Score by way of acts that were believed to be blatantly intentional colorable acts of misrepresentation. [F.C.R.A., 15 U.S.C. § 1681q]

### FORTH CLAIM FOR RELIEF
### AS TO DOE DEFENDANTS

31. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth hereunder, together with footnotes.

32. The Doe Defendants are persons or entities, yet to be identified and deposed, in Discovery [F.C.R.A., 15 U.S.C. § 1681p], whose alleged wrongful acts and/or omissions in some way proximately caused or contributed to Plaintiff's credit score damage by way of invasion of legally protected interests and credit information under F.C.R.A.

33. Plaintiff alleges that conduct of Doe Defendants was intentional, willful, wanton, reckless and/or misguided and that their conduct resulted in the recordation of <u>two</u> unauthorized, unnecessary and redundant "hard pull" inquiries on Plaintiff's credit report at two Credit Reporting Agencies, which act exceeded Plaintiff's belief that he had authorized only <u>one</u> such inquiry to be made.

Wherefore, Plaintiff hereby prays upon this Honorable Court:

### **AS TO FIRST CLAIM**

1. To award Plaintiff actual damages as will be proved.

2. To award Plaintiff statutory damages of not less than $1000.00.

### **AS TO SECOND CLAIM**

3. To award Plaintiff actual damages as will be proved.

4. To award Plaintiff statutory damages of not less than $1000.00.

### **AS TO THIRD CLAIM**

5. To compel Defendant to contact Experian and Equifax for the purpose of expunging Defendant's February 24, 2011, inquiries from Plaintiff's record in the files of the said Credit Reporting Agencies.

6. In the alternative, for an Order or Judgment that will facilitate Plaintiff in directing the Credit Reporting Agencies to delete and remove the said inquiries from Plaintiff's record at both Experian and Equifax.

### **AS TO FORTH CLAIM**

7. To award Plaintiff such amount of statutory and punitive damages, severally or collectively, to be determined by this Honorable Court and for such other relief as it may determine is just and proper.

### AS TO ALL COUNTS

8. To award Plaintiff such amount of punitive damages to be determined by this Honorable Court and for such other relief as it may determine is just and proper, plus attorney's fees, and reasonable costs pursuant to F.C.R.A., 15 U.S.C. § 1681n.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby prays for a jury trial of all issues whether of law or fact.

Dated: Honolulu, Hawaii, _____August 9_____, 2011.

Respectfully Submitted,

_____
Kermit Rydell
P. O. Box 10051
Honolulu, Hawaii 96816
808-227-0150