IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KERMIT RYDELL, | ) | CIVIL NO.  11-00485 JMS-KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANT'S MOTION TO |
| vs. | ) | DISMISS, AND DENYING |
| | ) | PLAINTIFF'S EMERGENCY |
| SERVCO AUTO WINDWARD, John | ) | PETITION TO DISMISS |
| Does 1 Through 10, | ) | DEFENDANT'S NON- |
| | ) | CONFORMING PLEADINGS |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, AND DENYING PLAINTIFF'S EMERGENCY PETITION TO DISMISS DEFENDANT'S NON-CONFORMING PLEADINGS

## I.  INTRODUCTION

*Pro se* Plaintiff Kermit Rydell ("Plaintiff" or "Rydell") alleges that

Defendant Servco Auto Windward ("Defendant" or "Servco")[1] violated the

Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., by obtaining a

credit report from each of the three major credit reporting agencies (TransUnion,

Experian, and Equifax), when he authorized Servco to obtain "*a consumer credit

report*" -- *i.e.*, under his theory, only one credit report.  Servco moves to dismiss,

arguing that the Complaint fails to state a claim upon which relief can be granted.

---

[1]  According to the Motion, "Servco Auto Windward" is a division of Servco Pacific Inc., a Hawaii Corporation.  The court refers to them collectively as "Servco."

In response, Plaintiff filed an "Emergency Petition to Dismiss Defendant's Non-Conforming Pleadings" ("Emergency Petition"), seeking to strike certain documents filed by Servco.

Based on the following, the court GRANTS Servco's Motion to Dismiss, and DENIES Plaintiff's Emergency Petition.[2]

## II.  BACKGROUND[3]

Servco is an automobile dealership located in Kaneohe, Hawaii.  Doc. No. 1, Compl. ¶ 2.  On February 24, 2011, Plaintiff signed a Hawaii Credit Application form ("credit application"), in connection with a potential financing and purchase of an automobile.  *Id.* ¶ 9 & Ex. D.  In his credit application, Plaintiff authorized the following:

> I authorize [Servco] and any financial institution(s) or creditor(s) with whom you share my application to obtain a consumer credit report, check my credit and employment history, and answer questions about their credit transactions or experiences with me.

*Id.* Ex. D.

---

[2]  The court decides these matters under Local Rule 7.2(d) without an oral hearing.

[3]  This background is based on the allegations of Plaintiff's Complaint, and Exhibits A to E attached to it.  When documents are attached to a complaint, the documents are considered to be part of the complaint and may be considered in determining whether a plaintiff can state a claim.  *Roth v. Garcia Marquez*, 942 F.2d 617, 625 n.1 (9th Cir. 1991).  For purposes of a Motion to Dismiss, the court accepts the material factual allegations of the Complaint as true, except where the allegations are refuted by an attached document.  *Id.*

Based on Plaintiff's credit application, Servco "pulled a full credit report from each and every one of the three major consumer credit agencies, namely TransUnion, Experian and Equifax." *Id.* ¶ 8.  Plaintiff concedes that he authorized Servco to obtain a consumer credit report, but contends that Servco violated the FCRA, 15 U.S.C. § 1681b(a)(2), by exceeding the scope of his authorization and obtaining more than one consumer credit report. *Id.* ¶ 12.  The Complaint alleges Plaintiff's credit rating was damaged, and seeks actual or statutory damages for the two "unauthorized" credit inquiries. *Id.* ¶¶ 29-30.  It also seeks an order compelling Experian and Equifax to expunge those inquiries from their records. *Id.* at 10, ¶¶ 5-6.

### III.  <u>STANDARDS OF REVIEW</u>

**A.     Motion to Dismiss Pursuant to Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must

accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.*

**B.     Pro Se Status**

When a plaintiff appears *pro se*, the court has an obligation to construe the plaintiff's complaint liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) ("Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." (citation omitted)). A *pro se* litigant must be given leave to amend his or her complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). "However, a party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile."

*Mirmehdi v. United States*, --- F.3d ----, 2011 WL 5222884, at *6 (9th Cir. Nov. 3, 2011).  And *pro se* litigants still "must follow the same rules of procedure that govern other litigants."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## IV.  DISCUSSION

Servco contends that -- regardless of Plaintiff's specific authorization -- it cannot have violated the FCRA because it had a "permissible purpose" to access all three credit reports.  Upon review of the FCRA and caselaw interpreting relevant provisions, the court agrees.

### A.    Statutory Framework

Under the FCRA, a "consumer reporting agency" may furnish a "consumer report:"

> (3) To a person which it has reason to believe-
>
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer. . . .

15 U.S.C. § 1681b(a).

Although § 1681b(a)(3) regulates "consumer reporting agencies" that furnish consumer reports, users of consumer reports such as Servco are also subject to its provisions.  *See, e.g.*, *Hansen v. Morgan*, 582 F.2d 1214, 1220 (9th Cir.

5

1978) (reasoning that "even consumer reporting agencies acting in complete good faith cannot prohibit illicit use of consumer information if users are not bound to obtain consumer reports only for permissible purposes").  And the FCRA specifically restricts the purposes for which credit reports may be requested:

> A person shall not use or obtain a consumer report for any purpose unless-
> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
> (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f).  That is, § 1681b(f) "clearly imposes liability upon users of consumer credit reports for violations of the FCRA."  *Grab v. Am. Lawyers Co.*, 2007 WL 842045, at *5 (D. Haw. Mar. 19, 2007).[4]

"[A] plaintiff must establish three elements in order to sustain a claim of improper use or acquisition of a credit report: (i) that there was a 'consumer report' within the meaning of the statute; (ii) that the defendant used or obtained it; and (iii) that the defendant did so without a permissible statutory purpose." *McFarland v. Bob Saks Toyota, Inc.*, 466 F. Supp. 2d 855, 867 (E.D. Mich. 2006) (citations omitted).  "A showing of a permissible purpose is a complete defense."

---

[4] In turn, 15 U.S.C. § 1681n creates a civil cause of action for willful noncompliance and 15 U.S.C. § 1681o creates a civil cause of action for negligent noncompliance.

*Stonehart v. Rosenthal*, 2001 WL 910771, at *3 (S.D.N.Y. Aug. 13, 2001)

(citations omitted); *Edge v. Prof'l Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 117

(E.D.N.Y. 1999).  Thus, to establish a violation, Plaintiff must show that Servco

lacked a permissible purpose in obtaining his credit reports.  *Kennedy v. Chase*

*Manhattan Bank USA, NA*, 369 F.3d 833, 842 (5th Cir. 2004).

## B.    Application of Framework

Plaintiff admits that his credit application fits squarely within 15

U.S.C. § 1681b(a)(3)(A) -- it was a "credit transaction" and "involv[ed] the

extension of credit to" him.  Instead, he argues that regardless of Servco's

"permissible purpose" to investigate his credit under the FCRA, his authorization

limited Servco to obtaining a single credit report, not three.  The court disagrees.

The scope of Servco's "permissible purpose" extends beyond

accessing a single credit report.  *See Stergiopoulos  v. First Midwest Bancorp*, 427

F.3d 1043, 1046 (7th Cir. 2005) ("[T]he [FCRA] does not require that consumers

expressly approve each request for a report."); *Padin v. Oyster Point Dodge*, 397 F.

Supp. 2d 712, 720 (E.D. Va. 2005) ("The FCRA permits a creditor (user) to access

a consumer's credit report for any purpose with the consumer's written

authorization, *or* for certain purposes specified in the statute in the absence of such

express authorization.").

Here, Plaintiff authorized Servco "and any financial institution(s) or creditor(s) with whom [it] share[s] my application to obtain a consumer credit report, check my credit and employment history, and answer questions about their credit transactions or experiences with me."  Doc. No. 1, Compl. Ex. D.[5] Plaintiff's authorization extended to checking his "credit and employment history" and contemplated sharing the application with multiple named lenders in an effort

---

[5]  The credit application contemplated that Servco could contact multiple lenders.  The relevant paragraph in full is as follows:

> In this paragraph, the applicant/co-applicant is referred to as "I" and the creditor(s) and financial institution(s) are referred to as "you".  Everything I stated in my application is true and correct.  I understand that you will retain this application whether or not it is approved.  You may share my application with the financial institution(s) and creditor(s) named below for the purposes of obtaining the credit I am requesting.  These financial institution(s) and creditor(s) may share this application with other financial institution(s) and creditor(s) for such purposes.  The financial institution(s) and creditor(s) who receive my application may be requested to purchase a credit sale contract or provide me a loan in connection with my purchase.  I authorize you and any financial institution(s) or creditors with whom you share my application to obtain a consumer credit report, check my credit and employment history, and answer questions about their credit transactions or experiences with me.

Doc. No. 1, Compl. Ex. D.  After listing six lenders, the credit application stated:

> If these financial institutions are unable to approve your credit, you authorize them to send your credit application to other financial institutions for consideration and to obtain a consumer credit report.

*Id.*

to obtain financing for him.  Indeed, the authorization allowed each of these multiple financial institutions to also "obtain a consumer credit report" and "check my credit and employment history."  It also contemplated that the named financial institutions might send the credit application to other institutions "for consideration and to obtain a consumer credit report."  *Id.*  Thus, obtaining a single report from each of the major consumer credit agencies fits squarely within Servco's "permissible purpose" under the FCRA.

　　　　Moreover, Plaintiff's theory -- both under the terms of his credit application and the FCRA itself -- that "*a consumer credit report*" necessarily means "one" report, fails as a matter of law.  Rather, the "general rule for the interpretation of contracts . . . [is] that the singular may be read as plural, and the plural as singular, when the context requires it."  *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 878 A.2d 504, 508 n.2 (Me. 2005); *Maupin v. Sidiropolis*, 600 S.E.2d 204, 209 (W. Va. 2004) ("[t]he indefinite article 'a' may some times mean one, where only one is intended, or it may mean one of a number, depending upon the context.").  And "[w]hile context is certainly important, case law [in many jurisdictions] indicates that the ordinary usage of the indefinite article "a" most often is understood to be plural."  *ION Geophysical Corp. v. Fletcher Intern., Ltd.*, 2010 WL 4378400, at *8 (Del. Ch. Nov. 5, 2010); *Stephan v. Penn.*

9

*Gen. Ins. Co.*, 621 A.2d 258, 261 (Conn. 1993) ("As a definite article, the word 'the' refers to a specific object whereas the indefinite articles 'a' and 'an' refer to unlimited objects."); *Allstate Ins. Co. v. Foster*, 693 F. Supp. 886, 889 (D. Nev. 1988) ("'A' or 'an' is an indefinite article often used in the sense of 'any' and applied to more than one individual object; whereas 'the' is an article which particularizes the subject spoken of.") (citing Black's Law Dictionary 1, 1324 (5th ed. 1979)).

Plaintiff also appears to argue that FCRA provisions referring to a "consumer report" mean only one report. Pl.'s Opp'n at 4. In this regard, 1 U.S.C. § 1, provides in part that "[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise -- words importing the singular include and apply to several persons, parties, or things."

Applying these principles, the terms of Plaintiff's credit application, read in context with the FCRA's provision allowing inquiry if a user has a "permissible purpose," cannot be read to limit Servco to obtaining a single credit report such that it violated the FCRA when it obtained Plaintiff's credit report from each major credit agency. Rather, Plaintiff's credit application contemplates the possibility of multiple credit reports from various financial institutions. Given that Servco had a "permissible purpose" under the FCRA to investigate Plaintiff's

10

credit history, that Servco obtained a single report from each of the three major agencies fails to state a claim for a violation of the FCRA.[6]  *See Sterigopoulos*, 427 F.3d at 1046-47; *see also Baker v. Trans Union LLC*, 2009 WL 4042909, at *3 (D. Ariz. Nov. 19, 2009) ("Supplying credit reports to persons who intend to use the information in connection with the application for a mortgage, a credit transaction, is permissible" when a permissible purpose exists).  Accordingly, the court GRANTS Servco's Motion to Dismiss.

## C.     Leave to Amend

Although a *pro se* litigant is ordinarily given leave to amend his or her complaint, here it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Lopez*, 203 F.3d at 1137.  Plaintiff bases his entire action on the proposition that he only authorized Servco to obtain a single credit report, and that Servco violated the FCRA by obtaining three.  There is no other legal basis for a claim under these facts.[7]  And dismissal here is "not caused by

---

[6]  Servco also cites to Federal Trade Commission ("FTC") Commentary on the FCRA, 16 C.F.R. Part 600, Appendix § 604, at 512 (2005), as stating that where a permissible purpose exists, "parties may obtain, and consumer reporting agencies may furnish, consumer reports without the consumers' permission or over their objection."  The court does not rely on this Commentary in granting Servco's Motion.  *See* 76 Fed. Reg. 44462-01 (July 26, 2011) (rescinding the Commentary, given multiple amendments to the FCRA since 1990, and recent legislation transferring authority to issue interpretive guidance under the FCRA from the FTC to the Consumer Financial Protection Bureau).

[7]  Plaintiff's Complaint states that a contractual and fiduciary relationship was created
(continued...)

insufficient allegations of factual content," such that "no potential amendments

would change the outcome."  *Mirmehdi*, 2011 WL 5222884, at \*6.  In short,

further amendment would be futile.  Accordingly, the dismissal is without leave to

amend.

## D.    Plaintiff's "Emergency Petition"

Finally, Plaintiff has filed an Emergency Petition, Doc. No. 17, in

which he seeks to strike certain documents filed by Servco's counsel.  He points

out that the name of the law firm representing Servco has changed, without notice

to him, from "Koshiba Agena & Kubota" to "Koshiba Price Gruebner and Mau."

He also seeks sanctions or other relief the court deems just and proper.

As documented by Defendant's Response to the Emergency Petition,

the Koshiba law firm gave notice to the United States District Court on September

20, 2011 of the change in firm name.  Doc. No. 18, Def.'s Resp. Ex. A.  Only the

name of the firm has changed; the same counsel, Lisa Gruebner, has represented

Servco through out this action -- a substitution of counsel under Local Rule 83.6

---

[7](...continued)
when he signed the credit application, whereby Servco became "contractually obligated to act in
good faith" under " U.C.C. § 1-304."  Doc. No. 1, Compl. ¶ 10.  Granting leave to amend to
assert a "bad faith" claim would be futile.  *See Stoebner Motors, Inc. v. Automobili Lamborghini
S.P.A.*, 459 F. Supp. 2d 1028, 1037-38 (D. Haw. 2006) (indicating that there is no independent
cause of action for breach of covenant of good faith in commercial, non-insurance, contracts
under HRS § 490:1-304).

was not required.  Plaintiff was not prejudiced in the least by the change in the name of the law firm.  There is no basis to strike documents, much less to sanction counsel.  Accordingly, the Emergency Petition, Doc. No. 17, is DENIED.

## V.  CONCLUSION

Defendant Servco Auto Windward's Motion to Dismiss, Doc. No. 5, is GRANTED.  The dismissal is without leave to amend.  Plaintiff's Emergency Petition to Dismiss Defendant's Non-Conforming Pleadings is DENIED.  The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 9, 2011.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Rydell v. Servco Auto Windward*, Civ. No. 11-00485 JMS-KSC, Order Granting Defendant's Motion to Dismiss, and Denying Plaintiff's Emergency Petition to Dismiss Defendant's Non-Conforming Pleadings